UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| NICHOLAS J. FIORILLO, <br> Plaintiff, <br><br> v. <br><br> FIDELIS BRIDGE LOAN SERVICING, <br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) | M.B.D. No. 25-mc-91417-LTS |

ORDER

September 17, 2025

SOROKIN, J.

Plaintiff Nicholas J. Fiorillo is a frequent *pro se* litigant who has had filing restrictions imposed upon him.  *See* Doc. No. 16 ("the 2023 Order"), *Raymond C. Green, Inc., et al. v. Delpedio, et al.*, No. 23-cv-10732-NMG (D. Mass. July 5, 2023).  One of the several filing restrictions imposed is "a precondition to initiating any civil action or maintaining a removed action [requiring Fiorillo to] pay in full the $6,150.09 Section 1447(c) award above, and the $402 filing and administrative fee that remains unpaid in [23-cv-10732], unless such condition is excused upon showing of good cause, by a judicial officer." *Id.* at 7.

On September 5, 2025, Fiorillo initiated this action by filing a pleading that was entered on the docket as a Motion for Leave to File Case.[1]  Doc. No. 2.  Fiorillo seeks to remove to

---

[1] The full title of the pleading is:
**REMOVAL OF ACTION UNDER SYSTEMIC CIVIL RGITHS VIOLATIONS FOR TREASONOUS LAWFARE AND WEAPONIZATION BY GOVERNOR MAURA HEALEY MAYOR MICHELLE WU AND THE CONTROL OF THE NE EDGE MUNICIPAL MAFIA SOROS PUPPET JUDGES GEORGE HADDAD, AIDED AND ABETTED BY FDC CLERKS AND NE EDGE DEFENDANTS, TRHOUGH WEAPONIZED JUDICIAL LAWFARE ARTIFICED DEEP FAKE**

remove *Fiorillo v Fidelis Bridge Loan Venture, et al.*, No. 2516CV000170, from Fitchburg District Court to this federal court. *Id.* In addition, Fiorillo filed an Application to Proceed in District Court without Prepaying Fees or Costs and a Verified Notice of Objection to Magistrate Judge Assignment. Doc Nos. 3, 4. On September 8, 2025, he filed an Emergency Motion to Disqualify Judge and Emergency Motion for Leave to file Contempt Complaint. Doc Nos. 5, 6. At that time, an Order of Recusal entered, *see* Doc. No. 7, and the case was randomly reassigned to the undersigned. Doc. No. 9.

On September 16, 2025, Fiorillo filed a motion seeking recusal of the undersigned. Doc. No. 10. Under 28 U.S.C. § 455(a), a federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." In evaluating a request for recusal under this provision, a judge must ask if a reasonable member of the public, "fully informed of all the relevant facts, would fairly question the trial judge's impartiality." *In re United States*, 158 F.3d 26, 31 (1st Cir. 1998) (emphasis omitted). The Court has reviewed the plaintiff's motion and the

---

**HEARING JUDGE SWAPS, AND ATTEMPTS TO RAILROAD PLIANTIFFS THROUGH SECRET PROCEEDINGS ON AUGUST 23-27, 2025 – SEPTEMBER 5, 2025, TO FRAME NICHOLAS FIORILLO FOR CRIMES THAT NEVER TOOK PLACE – TO FURTHER GEORGE SOROS, THOMAS P. O'NEILL III, JUDICIAL CONSPIRACY IN THE MOST CORRUPTED STATE IN THE UNION, VIOLATING CIVIL RIGHTS UNDER 28 U.S.C. §§ 1441(A), 1443, 1446, 42 U.S.C. § 1983, FALSE CLAIMS ACT, 31 U.S.C. § 3729, 18 U.S.C. §§ 1962, 1512, 1513(e), AND PRESIDENT DONALD TRUMP'S EXECUTIVE ORDERS AGAINST JUDICIAL ABUSE OBSTRUCTIO OF JUSTICE AGAINST NICHOLAS FIORILLO IRREFUTABLY WARRANTING SUCH REMOVAL TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS WHO ARE NOT NAMED DEFENDANTS IN RELATED ACTION NICHOLAS FIORILLO V COMMONWEALTH OF MASSACHUSETTS GOVERNOR HEALEY MAYOR WU TOMAS O'NEILL, THOMAS QUINN GEORGE AND DAN MCLAUGHLIN GEORGE SOROS AKA NE EDGE MUNICIPAL MAFIA; NOTICE OF CIVIL RIGHTS REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

*See* Motion for Leave to File Case. Doc. No. 2 at 1 – 2.

2

accompanying exhibits carefully and finds that the plaintiff has not identified circumstances that warrant recusal under the applicable legal standard.  His motion is therefore DENIED.

An inquiry placed to the Court's financial management department reveals that Fiorillo has not made any payments for Civil Action No. 23-cv-10732-NMG.  Although the 2023 Order contemplates that the payment preconditions could be excused upon a showing of good cause, such opportunity would be futile because this Court is without removal jurisdiction.[2]

According to the unofficial docket in the state court, of which the Court may take judicial notice, *see Wiener v. MIB Grp., Inc.*, 86 F.4th 76, 81 n.3 (1st Cir. 2023),[3] on June 6, 2025, Fiorillo initiated this action in Fitchburg District Court.  Under 28 U.S.C. § 1441(a), the statute governing the removal of a state trial court case to a federal district court, only a <u>defendant</u> in a state court action—and not the plaintiff—may remove the action. Because Fiorillo is the plaintiff who initiated this action in Fitchburg District Court, removal is not permitted under the statute. This Court therefore lacks removal jurisdiction over this case.

Based on the foregoing, and according a liberal construction to the *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is hereby ORDERED that this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. The Clerk shall terminate this matter.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction.  *See McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004).

[3] The unofficial state court docket is available through https://www.masscourts.org (last visited Sept. 16, 2025).